UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK D. HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-01415-SRC |
| | ) |
| UNKNOWN SCHNIEDER, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

This matter is before the Court on the motion of plaintiff Mark D. Hall, Jr., a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion and assesses an initial partial filing fee of $3.67. Additionally, for the reasons discussed below, the Court dismisses the complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $18.37 and an average monthly balance of $12.34. The Court will therefore assess an initial partial filing fee of $3.67, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff prepared the complaint using a form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. He did not identify any defendant in the caption of the complaint, but within the complaint, he identifies the defendant as "Officer Schneider," a police officer employed by the Town and Country Police Department. Doc. 1 at p. 2. Plaintiff left blank the part of the form complaint provided for him to indicate whether he sues Officer Schneider in his official or individual capacity. The Court therefore presumes that plaintiff sues Officer Schneider only in his official capacity. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity" (quotation omitted)); *Egerdahl v. Hibbing Community College*, 72 F.3d

3

Case: 4:21-cv-01415-SRC   Doc. #:  5   Filed: 04/28/22   Page: 4 of 7 PageID #: 23

615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

Plaintiff sets forth his statement of claim as follows:

> On 7-14-21 Location: Town and Country St. Louis MO. Officer Schneider Failed The Duty To Protect My Rights To Keep & Bear Arms & That No Person, Including A Public Officer Or State Employee Of Missiouri Or Any Political Subdivision Of This State, Can Have Authority To Enforce Or Attempt To Enforce Any Federal Laws, Orders, Or Rules Infringing On My Rights To Keep And Bear Arms (HB 85 2nd Amendment Preservation Act) He Charged Me (Mark Hall Jr) With Unlawful Poss Firearm (F) Resulting In Half Year Of Jail Time In St. Louis Co Jail.

*Id.* at p. 3.[1]  In setting forth his prayer for relief, plaintiff writes:

> Any Entity To Deprive Me (A Missouri Citizen) Of The Privileges Ensured By The Federal And State Constitutions To Keep and Bear Arms Must Be liable for Redress, Including Monetary Damages In The Amount Of $50,000 For this Occurrence And Injunctive Relief.

*Id.* at p. 4.[2]

## Discussion

The complaint is subject to dismissal.  Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983, and he states he sues Officer Schneider for violating his rights protected by "The Federal and State Constitutions." *Id.*  Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978).  Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."  42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred").  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right

---

[1,2] The text is quoted without correction of spelling or grammatical errors.

4

secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Allegations that Officer Schneider violated rights secured by the Missouri Constitution or Missouri law do not state a claim under § 1983. *See id.* Additionally, as noted above, plaintiff sues Officer Schneider in his official capacity only. A suit against a public employee in his official capacity is the equivalent of a suit against the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff identifies Officer Schneider's employer as the Town and Country Police Department, which is not an entity that is subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (stating that a police department is not a "juridical entit[y] suable as such").

Even if plaintiff had sued Officer Schneider in his individual capacity, the complaint would fail to state a § 1983 claim. Plaintiff alleges no facts that would permit the inference that Officer Schneider was personally involved in any wrongdoing that violated plaintiff federally protected rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (noting that "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976))). Instead, plaintiff alleges that Officer Schneider "Failed The Duty To Protect My Rights," "Charged Me . . . With Unlawful Poss Firearm," and "Deprive Me (A Missouri Citizen) Of The Privileges Ensured By The Federal And State Constitutions." Doc. 1 at pp. 3-4. At best, these are the types of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671

5

(8th Cir. 2017) (stating that "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").  While this Court must liberally construe *pro se* filings, it will not construct claims or assume facts that plaintiff has not alleged.  *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

Plaintiff also references "HB 85 2nd Amendment Preservation Act," Doc. 1 at p. 3, which is an apparent reference to the State of Missouri's newly passed Second Amendment Preservation Act (also the "Act"), Mo. Rev. Stat. §§ 1.410, *et seq.*  However, plaintiff does not allege, nor does it appear, that the Act authorizes him to bring this lawsuit against Officer Schneider.  Even if it did, the Act protects "law abiding citizens," and plaintiff makes no attempt to allege that he meets the definition of such.  Mo. Rev. Stat. § 1.480.1.  Plaintiff also fails to allege that the Act applies to the offense he describes.  *See* Mo. Rev. Stat. § 1.480.5 (noting that the Act applies "to offenses occurring on or after August 28, 2021").

After carefully reading and liberally construing the complaint, the Court concludes it is frivolous and/or fails to state a claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court grants plaintiff's [3] Motion for Leave to Proceed in forma pauperis.  The Court orders that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $3.67.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

The Court dismisses this case without prejudice.  A separate order of dismissal accompanies this memorandum and order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of April 2022.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE